IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN PRIDEMORE, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 16-532 |
| SALIX PHARMACEUTICALS WELFARE BENEFIT PLAN, ERISA PLAN NUMBER 501, KELLY WEBBER, AND VALEANT PHARMACEUTICALS NORTH AMERICA, L.L.C., | | |
| Defendants. | | |

## PLAINTIFF RYAN PRIDEMORE'S ORIGINAL COMPLAINT

For his Original Complaint against the Salix Pharmaceuticals Welfare Benefit Plan No. 501 and Valeant Pharmaceuticals North America, LLC, Plaintiff Ryan Pridemore shows the following:

### Introduction

1. This is an action under 29 U.S.C. Section 1132(a)(1)(B) (otherwise known as Section 502(a)(1)(B) of the Employee Retirement Income Security Act "ERISA") for denial of severance benefits under the Salix Pharmaceuticals, Inc. Amended Employee Retention Policy (hereinafter "the Policy"), which is a component plan under the Salix Pharmaceuticals Welfare Benefit Plan, ERISA Plan Number 501.

## Parties

2. Plaintiff Ryan Pridemore is a citizen of the State of Texas and a resident of San Antonio, Bexar County. He may be served with papers in this case through the undersigned counsel.

3. Defendant Salix Pharmaceuticals Welfare Benefit Plan, ERISA Plan Number. 501, is a welfare benefit plan under ERISA. The Salix Pharmaceuticals, Inc. Amended Employee Retention Policy under which Plaintiff was entitled to receive certain severance benefits is a component plan under the Salix Pharmaceuticals Welfare Benefit Plan ERISA Plan No. 501. It may be served with process through the Plan Administrator, Kelly Webber, at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

4. Defendant Valeant Pharmaceuticals North America LLC was Plaintiff's employer and is the successor in interest to Salix Pharmaceuticals, Inc. Defendant Valeant had ultimate decision-making authority regarding whether to grant Plaintiff benefits under the Policy was responsible for the decision to deny Plaintiff benefits under the Policy. It may be served through its registered agent for service of process, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## Jurisdiction and Venue

5. The Court possesses jurisdiction over this action for the wrongful denial of benefits under 29 U.S.C. Section 1132(e)(1). Venue is proper in the Western District of Texas in accordance with 29 U.S.C. Section 1132(e)(2) as Plaintiff was employed by Defendant Valeant in the District, the breach occurred in Texas, and the payment of severance benefits to Plaintiff were due in San Antonio, Texas.

## Statement of Facts

6. Plaintiff Ryan Pridemore was employed by Salix Pharmaceuticals, Inc. as an Executive Regional Sales Manager based out of San Antonio, Texas. In this position, Plaintiff was eligible to participate in the Salix Pharmaceuticals, Inc. Amended Employee Retention Policy, which is an ERISA-qualifying employee welfare benefit plan. Subsequently, Defendant Valeant acquired Salix Pharmaceuticals, Inc. and assumed Salix's obligations under the Retention Policy.

7. After Defendant Valeant acquired Salix effective April 1, 2015, it made several significant and material changes to Plaintiff's employment and compensation. In this regard, Defendant Valeant eliminated the extra ten percent bonus (referred to as a "kicker" or composite bonus) that Plaintiff had previously received with Salix as the Executive Regional Sales Manager. Plaintiff qualified for this bonus based on his performance by meeting the metrics required. Yet, Defendant Valeant refused to pay it to him, even after written demand by Plaintiff. Likewise, Defendant Valeant gave Plaintiff notice that it was changing his title and position from Executive Regional Sales Manager to District Manager.

8. Consequently, on January 20, 2016, Plaintiff requested severance benefits equal to twelve months of severance payments as well as a lump sum pro rata bonus payment under the Salix Pharmaceuticals, Inc. Amended Employee Retention Policy. Under this Policy, severance benefits are triggered when a Covered Employee terminates his employment for "Good Reason" within 12 months after the date of the Change in Control. The Policy defines "Good Reason," in relevant part, as: (a) "A material adverse change in, or the assignment to you of any duties or responsibilities which are inconsistent with, your status, title, position, or responsibilities (including reporting responsibilities with Salix; (b) a reduction in your salary and/or benefits except to the extent such reduction is comparable to percentage reductions in salary and/or benefits

of all other employees of Salix, or any failure to pay you any compensation or benefits to which you are entitled within five (5) days of the date due."

9.   In this case, "Good Reason" clearly existed. During the relevant time period, Defendant Valeant had both changed Plaintiff's duties/responsibilities in ways that were inconsistent with Plaintiff's status, title, and position (i.e., Defendant Valeant reclassified Plaintiff to the position of District Manager), and had also substantially reduced his "benefits" (*i.e.*, eliminated his kicker bonus). Not all other employees had comparable reductions in their benefits. In fact, only Plaintiff and possibly a few other representatives who had reached an executive level were in job positions that qualified them to earn the ten percent kicker bonus. Thus, the many employees who were in positions that did not entitle them to qualify for the kicker bonuses, did not have a comparable reduction in their benefits as did Plaintiff.

10.  To further qualify as "Good Reason," the employee must notify Salix of the existence of the Good Reason event or condition "within ninety (90) days of its occurrence," and Salix fails to remedy the event or condition within 30 days of the notice. Plaintiff complied with these time requirements, but Defendants refused to pay him the severance benefits due him. The severance "benefits" available under the Policy include continued pay of the employee's base salary (in Plaintiff's case for twelve months), reimbursement of premiums for COBRA continuation coverage, and "payment in a lump sum of the employee's pro rata bonus based upon the target bonus percentage for the employee's level of employment and the length of time employed during the current calendar year, calculated as of the date of termination."

11.  Plaintiff resigned his employment for "Good Reason," and even though "Good Reason" in fact existed in this case, Defendants have wholly failed to pay Plaintiff the severance benefits he is due under the Policy.

12. Plaintiff has timely made a claim for benefits and then timely appealed Defendants' denial of his benefits. Plaintiff has therefore exhausted all administrative requirements for bringing this suit. Plaintiff now brings this action within one year of the denial of his administrative appeal.

### Cause of Action under ERISA

13. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 10 supra.

14. Plaintiff brings this action for benefits under 29 U.S.C. Section 1132(a)(1)(B) of ERISA. Defendants abused their discretion in denying Plaintiff severance benefits under the Policy.

### Relief Requested

15. Plaintiff is owed severance benefits, including one-year of his base salary and a pro rata share of his 2016 bonus. Therefore, Plaintiff seeks an order and judgment from the Court that Defendant has violated the Policy and that Plaintiff is owed one year of his base salary as well as a pro rata share of his 2016 bonus.

### Attorney Fees

16. Plaintiff also prays for his attorney fees and costs under 29 U.S.C. Section 1132(g).

### Conclusion and Prayer

17. Plaintiff prays that, upon final judgment, he be awarded the following:

a. Severance benefits equal to one year of his base salary and a pro rata share of his 2016 bonus;

b. Attorney fees;

c. Costs of court;

d. Pre- and post-judgment interests; and

e. All other relief to which Plaintiff is entitled.

Respectfully submitted,

_____
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
RYAN PRIDEMORE